IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| Aaron M. Jones, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:22-cv-232 |
| | ) | |
| Union Pacific Railroad Company, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Aaron M. Jones, and for his claims and causes of action against the Defendant, Union Pacific Railroad Company, a Delaware corporation, states and alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action brought by Plaintiff Aaron M. Jones ("Plaintiff") against Defendant Union Pacific Railroad Company ("Defendant") for personal injuries suffered on May 23, 2021 while in the scope and course of his employment as a conductor, and the lawsuit is brought pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. §§51-60.

## PARTIES

2.      That at all times relevant herein, Plaintiff was a resident and citizen of Marshalltown, Iowa, and was employed by Defendant as a conductor.

3.      That at all times relevant herein, Defendant was a corporation duly organized and existing under the laws of the State of Delaware and was duly licensed to operate a system of railroads as a common carrier of freight for hire in and through the State of Iowa and is engaged as a common carrier in interstate commerce.

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction over Plaintiff's claim against Defendant,

pursuant to 45 U.S.C. §§ 51-60. Accordingly, subject matter jurisdiction is established under 28 U.S.C. § 1331 (federal question).

5.    This Court has general personal jurisdiction over Defendant because the incident causing injuries in this matter occurred at or near Defendant's railroad yard in Marshalltown, Iowa.

6.    This Court has personal jurisdiction over Defendant because it purposefully availed itself of the privilege of conducting business activities in the State of Iowa, and the incident that is the subject of this lawsuit occurred in the State of Iowa, creating sufficient contacts to permit this Court to exercise jurisdiction.

7.    That at all times material herein, Plaintiff was in the employ of Defendant working as a conductor, and that at the time of the occurrence of the incident described herein, all or part of Plaintiff's duties were in furtherance of Defendant's business of interstate commerce.

8.    Venue of this lawsuit in this Court is proper pursuant to 45 U.S.C. § 56, which allows bringing a lawsuit in a court where the cause of action arose or where the defendant is doing business.

9.    The action against Defendant is timely commenced under the FELA pursuant to 45 U.S.C. § 56.

## FACTS

10.    That on or about May 23, 2021, at approximately 7:00 p.m., Plaintiff was in the course and scope of his employment working as a conductor in Defendant's railyard in Marshalltown, Iowa.  Plaintiff and his engineer were instructed to pull a cut of railcars to assemble a train.  Part of Plaintiff's job duties required that he ride the last railcar of the cut.  As he began to mount the A end of railcar NS 165013, he grabbed the vertical bar, placed his left foot on the bottom rung, or stirrup step, and began to place his right foot on the rung/stirrup step just above

the bottom stirrup step when suddenly and without warning, the stirrup unexpectedly broke and gave way causing Plaintiff to lose his balance and strike the ground.

11.    As a direct result, Plaintiff suffered and will continue to suffer serious and permanent injuries including but not limited to injuries to his spine, neck, upper extremities including shoulders, arms and hands, lower extremities including knees and ankles, medical expenses, loss of earnings and loss of future earning capacity, pain and suffering, loss of enjoyment of life, and other damages.

## BASES FOR RECOVERY

## COUNT I – NEGLIGENCE

Plaintiff re-alleges the above (paragraphs 1-11) as though set forth at length and in detail herein.

12.    <u>Negligence Pursuant to the Federal Employers' Liability Act and Other Federal and State Laws Enacted for Employee Safety</u>.  The injuries and damages sustained by Plaintiff were caused by the negligence of Defendant in violation and breach of the Federal Employers' Liability Act (FELA), 45 U.S.C. §51, *et seq.*, in its:

A.    Failing and neglecting to provide Plaintiff to provide Plaintiff with a reasonably safe place to work, including but not limited to safe railcars, ladders and hand holds on which to perform the work.

B.    Failing and neglecting to failed to provide Plaintiff with safe and proper tools and equipment for the work assigned.

C.    Failing and neglecting to properly supervise the work assigned to Plaintiff.

D.    Negligently required Plaintiff to work on a railcar with a defective and unsafe ladder and rungs, stirrup steps and/or hand holds which were not properly secured or fastened.

C.    Failing and neglecting to adhere to specifications mandated by state and federal laws and regulations, industry customs and standards, as well as Defendant's own rules, codes, and guidelines governing inspection, maintenance and use of railcars.

3

D.      Failing and neglecting to warn Plaintiff of defective and unsafe equipment.

E.      Other acts of negligence causing injury.

13.     As a consequence of the above-described negligence, Plaintiff was caused, in whole or in part, to be injured as herein set forth.

14.     As a consequence of the above-described negligence, Plaintiff suffered and will continue to suffer serious and permanent injuries including but not limited to injuries to his spine, neck, upper extremities including shoulders, arms and hands, lower extremities including knees and ankles, medical expenses, loss of earnings and loss of future earning capacity, pain and suffering, loss of enjoyment of life, and other damages as provided by all applicable laws.

## COUNT II – VIOLATION OF THE FEDERAL SAFETY APPLIANCE ACT

Plaintiff re-alleges the above (paragraphs 1-14) as though set forth at length and in detail herein.

15.     Plaintiff further alleges that he was injured by reason of Defendant's violation of the Federal Safety Appliance Act, 49 U.S.C. §§ 20301-20306 and applicable Code of Federal Regulations, in that it hauled or permitted to be hauled or used on its line of railway, a railcar equipped with an unsafe, loose, broken and otherwise defective ladder, rungs, stirrup steps and/or handholds, and as a result, Plaintiff was caused to be injured and damaged as hereinafter set forth.

16.     As a consequence of the above-described acts and omissions, Plaintiff was caused, in whole or in part, to be injured as herein set forth.

17.     As a consequence of the above-described negligence, Plaintiff suffered and will continue to suffer serious and permanent injuries including but not limited to injuries to his spine, neck, upper extremities including shoulders, arms and hands, brachial plexopathy and hemidiaphragm paresis with loss of vital capacity, lower extremities including knees and ankles,

medical expenses, loss of earnings and loss of future earning capacity, pain and suffering, loss of enjoyment of life, and other damages as provided by all applicable laws.

## DAMAGES

Plaintiff re-alleges the above (paragraphs 1-17) as though set forth at length and in detail herein.

18.     As a result of the workplace incident and Defendant's negligence described above, Plaintiff suffered serious and permanent injuries and impairment to his spine, neck, upper extremities including shoulders, arms and hands, brachial plexopathy and  hemidiaphragm paresis with loss of vital capacity, lower extremities including knees and ankles, which have required and will require extensive medical care, including surgical intervention. As a further result of the workplace incident and Defendant's negligence described above, Plaintiff suffered past and future physical and mental pain and anguish, disability, and loss of his enjoyment of life.

19.     As a result of the workplace incident and Defendant's negligence described above, Plaintiff has incurred past expenses for medical attention and hospitalization and will incur further like expenses in the future, and Plaintiff has incurred past loss of earnings and loss of future earning capacity and will incur further like losses in the future.

## Jury Demand

Plaintiff demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## Prayer for Relief

Plaintiff, Aaron M. Jones, prays for judgment against the Defendant Union Pacific Railroad Company, a Delaware corporation, for his damages together with costs and disbursements, and such further relief as the Court deems appropriate and just.

Dated:  July 14 , 2022                    **HUNEGS, LeNEAVE & KVAS, P.A.**
                                          Cortney S. LeNeave
                                          Thomas Fuller
                                          Isabel Johnson
                                          1000 Twelve Oaks Center Drive, Suite 101
                                          Minneapolis, MN 55391
                                          Tel: (612) 339-4511
                                          Fax: (612) 339-5150
                                          cleneave@hlklaw.com
                                          tfuller@hlklaw.com
                                          ijohnson@hlklaw.com

                                                and

                                          **LEDERER WESTON CRAIG, PLC**

                                          */s/ Kent A. Gummert*
                                          Kent A. Gummert, AT0003032
                                          4401 Westown Parkway, Suite 212
                                          West Des Moines, Iowa 50266
                                          Tel:  (515) 224-3911
                                          Fax:  (515) 224-2698
                                          kgummert@lwclawyers.com

                                          **ATTORNEYS FOR PLAINTIFF**